PEOPLE'S FINANCE & THRIFT CO. v. VARNEY et al.

No. 4876. Decided January 31, 1930. (285 P. 304.)

*Oscar W. Moyle* and *H. W. Rudine,* both of Salt Lake City, for appellants.

*D. M. Draper,* of Salt Lake City, for respondent.

STRAUP, J.

The plaintiff brought this action on a promissory note executed by the defendants in favor of the plaintiff. The question involved is that of usury. The face of the note is $200. It is dated March 16, 1927. It was payable on or before January 16, 1928. So far as material, it provides that the defendants promised to pay to the order of the plaintiff $200 "in ten installments of $20.00 each on the 15th day of each month following the date of this note until the whole amount of this note shall have been fully paid with interest from maturity at the rate of 1% per month until paid both before and after judgment." The note further provided that, upon failure to pay any installment when due the holder was entitled to declare all installments remaining unpaid due and payable. In the complaint it is alleged that but one installment of $20 was paid, which was paid April 12, 1927,

and that the defendants on repeated demands refused to pay more; that the plaintiff declared all of the unpaid installments due and payable, and prayed judgment for $180, with interest from January 16, 1928, at the rate of 1 per cent per month. All of the defendants signed the note as makers. The defendants Varney and Christensen pleaded usury. The defendant Stone was not served.

The facts as stipulated by the parties are that the plaintiff is a corporation existing and operating as an industrial loan company as defined by Laws Utah 1925, c. 116, and that, in making the loan, the plaintiff in good faith attempted to make it in compliance with the statute referred to; that the note was given on the application of Varney for a loan of $200; that the plaintiff in making the loan deducted from the $200, $2 as and for an investigating fee, and $20 interest in advance, and paid to Varney the balance of $178; that on April 12, 1927, Varney paid an installment of $20 on the note, but that she and defendants refused to pay more; that the plaintiff was the holder of the note, and declared all unpaid installments amounting to $180 due and payable as of May 15, 1927, with interest thereon from and after January 16, 1928, at the rate of 1 per cent per month. Upon the stipulation and upon findings based thereon the court rendered a judgment against the defendants Varney and Christensen in the sum of $180, together with interest thereon at the rate of 1 per cent per month from and after January 16, 1928, until paid.

The defendants appeal. The claim made by them is that the note and transaction under our statute are usurious, and hence the note void and unenforceable. Our general statute (Comp. Laws 1917, tit. 53), relating to usury, so far as here material, provides that the legal rate of interest upon a loan or forbearance of money, etc., shall be 8 per cent per annum; that parties to any contract may agree in writing for the payment of interest for a loan or forbearance of money, etc., not to exceed 12 per cent per annum; that no person, association, or corporation shall,

directly or indirectly, take or receive any money, goods, or things in action, or, in any other way, any greater sum or greater value for the loan or forbearance of money, etc., than 12 per cent per annum except on conditions and exceptions not here involved; that all notes, etc., wherein a greater sum is charged, shall be void; and that, whenever in any written or verbal contract, etc., a rate of interest is mentioned, and no period of time stated for which such rate is to be calculated, interest shall be calculated at the rate stated by the year in the same manner as if the words "per annum" or "by the year" had been added to such rate.

In 1925 the Legislature passed an act (Laws 1925, c. 116), defining industrial loan companies and prescribing their powers, etc. Among such powers it is provided that an industrial loan company as defined by the act shall have power (section 4) :

(a) "To loan money on the personal undertaking of the borrower and other persons, or on personal security, or otherwise, and to deduct interest thereon in advance at the rate of twelve (12%) per cent of the face of said loan, and in addition, to require uniform weekly, semi-monthly, or monthly installments, and to charge for such loans a fee of two ($2.00) dollars or less on loans under one hundred ($100.00) dollars and a maximum fee of two (2%) per cent on loans of one hundred $100.00) dollars or more for expenses in examining and investigating the character and circumstances of the borrower. No charge shall be collected unless a loan shall have been made."

It is the contention of the defendants that the loan as made and the interest charged were not authorized by the statute last referred to when it is considered and construed, as they contend it is required to be considered and construed, in connection with the general statute relating to usury, for that it is contended by them that a greater rate of interest was charged than 12 per cent per annum. That is denied by the respondent. In such respect it is urged by the appellants that, had the payment of the note not been conditioned on monthly payments, but as payment on the due

date, ten months after the date of the note, the deduction of $2 as an investigating fee and $20 interest in advance, interest on $200 at the rate of 12 per cent per annum, the loan would have been authorized by the statute and the rate of interest charged not usurious. But it is contended that, when the plaintiff deducted $20 as interest in advance, and then required the $200, the principal of the note, to be paid in monthly installments, as was done, the company, in violation of the usury statute, either directly or indirectly received a greater sum or greater value for the loan than 12 per cent per annum. That is based upon the consideration that, under the provisions of the note requiring the principal to be paid in monthly installments of $20 each, the defendants were not given the use of $200 for the ten-month period for which the loan was made, but in such case were given the use of $200 only for one month, the interest on which at the rate of 12 per cent per annum is $2; the use of $180 for one month, the interest on which is $1.80; the use of $160 for one month, the interest on which is $1.60; the use of $140 for one month, the interest on which is $1.40; the use of $120 for one month, the interest on which is $1.20; the use of $100 for one month, the interest on which is $1; the use of $80 for one month, the interest on which is 80 cents; the use of $60 for one month, the interest on which is 60 cents; the use of $40 for one month the interest on which is 40 cents; and the use of $20 for one month, the interest on which is 20 cents—a total of interest of $11. By such computation it is contended that the greatest amount of interest at 12 per cent per annum which the plaintiff could have charged for the loan made payable in installments, as specified in the note, was $11, without violating the usury statute, and hence under the circumstances the plaintiff was authorized to deduct from the loan of $200 only the sum of $2 as and for an investigating fee and the sum of $11 interest in advance as so computed. It is urged that any other interpretation of the 1925 statute renders it in conflict with the general usury statute.

As is seen, the 1925 statute expressly provides that an industrial loan company, as therein defined, and it is stipulated the plaintiff is such a company, is authorized to deduct in advance interest on the loan at the rate of 12 per cent per annum, and "in addition, to require uniform weekly, semimonthly, or monthly installments." When therefore the company deducted 12 per cent per annum as it did on the face of the note, as interest in advance for the 10-month period on the loan, it but did what the statute expressly authorized such a company to do. The interest deducted was $20, which is the interest on $200 for a period of ten months at the rate of 12 per cent per annum. When the company "in addition" required the loan to be paid in monthly installments of $20 each, it again but did what the statute expressly permitted such a company to do. Such, we think, is not only the reasonable, but the necessary, meaning to be given the statute. We do not see wherein it in such respect is doubtful or uncertain.

It is claimed that such an interpretation of the 1925 statute renders it in conflict with the general usury statute. Were that true, yet the 1925 statute cannot be given an unreasonable interpretation, and one which the language of the act would not permit to avoid such claimed conflict. Were the statute open to two interpretations, then such an interpretation should be given it as would be in harmony with the general usury statute. But, if it is open to but one construction or interpretation, then only such an interpretation can be given it. If such an interpretation be not in harmony with the general usury statute, then it is more reasonable to hold that the Legislature, by the statute of 1925, intended, so far as the general usury statute may apply to industrial loan companies as defined by the act of 1925, to make an exception to the general usury statute, or, in so far as powers were conferred on such companies to make loans, to regard them not as coming under, or as being controlled by, the general usury statute. The validity of the 1925 act is not challenged.

Thus, should there be a conflict between the general statute and the 1925 act, the former must give way to the latter, which is a special and subsequent act, and which expressly repeals "all laws in conflict" therewith.

It thus follows that the judgment must be affirmed, with costs to respondent. Such is the order.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.